UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DR. CHANTELLE TEASDELL, *et al.* ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case no.: 15-cv-00445-ABJ |
| ) | |
| DISTRICT OF COLUMBIA, *et al.* ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' (CONSENT) MOTION TO DISMISS THE REMAINING STATE LAW CLAIMS OF PLAINTIFF TEASDELL**

Pursuant to Fed. R. Civ. P. 12(b)(1), Defendants District of Columbia ("District"), Camile Williams, former Chief of Staff of the D.C. Office on Aging ("DOA"), and John Thompson, former Director of DOA, by and through undersigned counsel, hereby move to dismiss Plaintiff Chantelle Teasdell's remaining claims in this action. The basis for this motion is that all of Plaintiff's federal claims have been dismissed and her remaining state claims are best decided in D.C. Superior Court. Plaintiff agrees with this position.

In support of this motion, the Court is respectfully referred to the accompanying Memorandum of Points and Authorities. A proposed order is attached.

**Rule 7(m) Certification**

Plaintiff's counsel was asked to consent to the relief requested in this motion. Counsel indicated that Plaintiff would consent provided defendants agreed to waive personal service in any subsequent Superior Court filing. This condition is agreeable to the defendants, and therefore this is a consent motion.

1

Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/

*/s/ Sarah L. Knapp*
SARAH L. KNAPP [470008]
Chief, Civil Litigation Division Section III


*/s/ Steven J. Anderson*
STEVEN J. ANDERSON  [334480]
Assistant Attorney General
441 Fourth Street, N.W., 6th Floor
Washington, D.C. 20001
(202) 724-6607 (phone)
(202) 741-0569 (fax)
 Email:Steve.Anderson@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DR. CHANTELLE TEASDELL, *et al.* ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case no.: 15-cv-00445-ABJ |
| ) | |
| DISTRICT OF COLUMBIA, *et al.* ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF POINTS AND AUTHTOTIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE REMAINING STATE LAW CLAIMS OF PLAINTIFF TEASDELL**

Defendants District of Columbia ("District"), Camile Williams, former Chief of Staff of the D.C. Office on Aging ("DOA"), and John Thompson, former Director of DOA, by and through undersigned counsel, hereby moves to dismiss Plaintiff Chantelle Teasdell's remaining claims pursuant to FRCP 12(b)(1). Plaintiff Teasdell is one of five former DOA employees who have brought federal and state law claims in this suit. Consolidated Compl. [ECF 22]. This Court has dismissed all of Plaintiff Teasdell's federal claims. Her remaining state law claims are best decided in D.C. Superior Court.

Plaintiff Teasdell alleges that she was forced to be on call twenty-four hours a day, seven days a week, and was required to work overtime without compensation. *Id.* ¶¶ 38, 41-42. She alleges that after she expressed concerns to Director Thompson and Chief of Staff Williams about how work was being assigned to employees and to grant recipients in December 2013, and after he filed an internal report raising potential violations of overtime laws in March 2014, Thompson and Williams began to retaliate against her, culminating in her termination without cause on March 27, 2014. *Id.* ¶¶ 43-45.

1

Defendants moved to dismiss Plaintiff Teasdell's claims under the FLSA and this motion was granted. [ECF 40 at 17]. Defendants also moved to dismiss Plaintiff Teasdell claim under the First Amendment and this motion was granted. Id. at 35. Hence, the only claims remaining are Plaintiff's claims under the D.C. Whistleblower Protection Act.

## STANDARD OF REVIEW

Federal courts have limited jurisdiction, possessing only the power conferred by the Constitution and by statutes enacted by Congress. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).

Whether to retain jurisdiction over pendent state and common law claims after the dismissal of the federal claims is "a matter left to the sound discretion of the district court" that is reviewed for abuse of discretion only. *Edmondson & Gallagher v. Alban Towers Tenants Ass'n*, 48 F.3d 1260, 1265–66 (D.C.Cir.1995). "[P]endent jurisdiction is a doctrine of discretion, not a plaintiff's right." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). A district court may choose to retain jurisdiction over, or dismiss, pendent state law claims after federal claims are dismissed. 28 U.S.C. § 1367(c)(3). *Edmondson & Gallagher*, 48 F.3d at 1265–66. Section 1367(c) provides as follows:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
> (1) The claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c)  "[I]n the usual case in which all federal-law claims are dismissed before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988*); Shekoyan v. Sibley Int'l*, 409 F.3d 414, 423–24 (D.C. Cir. 2005)(Even after four-years Court acted properly in dismissing Plaintiff's state law claims after federal claims were denied).

## ARGUMENT

In this case, Plaintiff Teasdell made two federal claims, Count II under the FLSA and Count X under the First Amendment to the U.S. Constitution.  Compl. [ECF 22].  ("The FLSA claims brought by … plaintiff Teadell … (is) dismiss."  Id at 43; "The First Amendment claims in Count X are dismissed."  Id.)  Hence, the only remaining claim by Plaintiff Teasdell brought under the District Whistleblower Protection Act. Id.  Count I.  Because there are no more federal claims, this Court's primary jurisdiction no longer exists.  Consequently, the factors to be considered under Section 1367 (c) weigh in favor of dismissal.   Moreover, the Plaintiff consents to the relief requested and will not be prejudiced.

## CONCLUSION

**WHEREFORE,** for the foregoing reasons, the Defendants respectfully requests that this Honorable Court grant this motion and dismiss Plaintiff Teasdell as a Plaintiff.

    Respectfully submitted,

    KARL A. RACINE
    Attorney General for the District of Columbia

    GEORGE C. VALENTINE
    Deputy Attorney General, Civil Litigation Division
    */s/ Sarah L. Knapp*
    SARAH L. KNAPP [470008]

        Chief, Civil Litigation Division Section III

        */s/ Steven J. Anderson*
        STEVEN J. ANDERSON  [334480]
        Assistant Attorney General
        441 Fourth Street, N.W., 6th Floor
        Washington, D.C. 20001
        (202) 724-6607 (phone)
        (202) 741-0569 (fax)
        Email:Steve.Anderson@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DR. CHANTELLE TEASDELL, *et al.* ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case no.:  15-cv-00445-ABJ |
| ) | |
| DISTRICT OF COLUMBIA*, et al.* ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Upon consideration of the Defendants' (Consent) Motion to Dismiss Plaintiff Teasdell's Remaining State Law Claim for lack of subject matter jurisdiction, the lack of any opposition thereto, and the entire record herein, it is this _____ day of _____ 2018;

ORDERED that the defendants' Motion is GRANTED and it is further

ORDERED that Plaintiff Teasdell is dismissed as a Plaintiff in this matter.

Dated:_____              _____
                                                                    Hon. Amy Berman Jackson
                                                                    Judge, U.S. District Court for the District of Columbia